UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                        Case No: 8:22-cv-0058-KKM-SPF

21st CENTURY CENTENNIAL
INSURANCE COMPANY, and
GEICO GENERAL INSURANCE
COMPANY,

    Defendants.
_____

# ORDER

On February 21, 2022, the Court denied Roy Day's motion to remand this case to state court and granted 21st Century Centennial Insurance Company's motion to dismiss the Complaint without prejudice to Day filing an amended complaint. (Doc. 18.) The order also directed Day to show cause by March 4, 2022, why Geico General Insurance Company—the only remaining Defendant besides 21st Century—should not be dismissed because Day did not serve it in state court or request a summons from the Clerk upon arrival in federal court, suggesting that he did not intend to serve it in federal court either.

On March 4, 2022, Day filed a motion to vacate the order. (Doc. 20.) As in the motion to remand, Day argued that removal was improper because Geico did not consent to it. (*Id.* at 19.) But Geico did not need to consent because Day did not serve Geico prior to 21st Century's notice of removal. *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008))).

Day also filed a second motion on March 4, 2022, concerning the service issue and the Court's show cause order. (Doc. 21.) During the nearly three months this case has been pending in federal court, Day did not request a summons or otherwise try to serve Geico. And his filing shows that he does not intend to do so before the service deadline on April 6, 2022. (*Id.* at 2); *see* Fed. R. Civ. P. 4(m); 28 U.S.C. § 1448. Instead, Day requests to serve Geico at "a time in the future when proper venue has been established." (Doc. 21 at 2 (emphasis omitted).) In sum, Day requests an extension because he refuses to serve Geico until the case returns to what Day believes is the only proper forum—state court. That is not "good cause" to extend the service deadline. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists

2

'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" (quotation omitted)).

Day's two filings on March 4, 2022, did not come alone. 21st Century also filed a notice explaining that Day and 21st Century had "reached a settlement." (Doc. 19.) The next day, Day confirmed the settlement. (Doc. 23.) Consistent with Local Rule 3.09(b) and practice within the Middle District, the Court entered a thirty-day order, dismissing the case without prejudice. *See* Local Rule 3.09(b) ("When notified of an agreement to settle a civil action, a judge may dismiss the case. . . ."). The order gave the parties thirty days to "submit a stipulated form of final order or judgment" or "to move to reopen the action." (Doc. 22.) If they did not do so, the dismissal would become with prejudice after thirty days.

Rather than moving to reopen, Day appealed the thirty-day order. (Doc. 24.) The notice of appeal raises two issues. The first issue (and the primary focus of the appeal) is "venue," by which Day refers to his belief that Florida court is the only proper venue for his claims. The Court denied Day's motion to remand on this basis on February 21, 2022. (Doc. 18.)

Second, Day's appeal asks, "what is the 'status' of Defendant GEICO?" (*Id.* at 2.) A fair question. The thirty-day order dismissed the case without prejudice, including the claims against Geico. (Doc. 22.) 21st Century's and Day's notices of settlement say that

3

the claims between Day and 21st Century are the only ones settled. (Doc. 19; Doc. 23.) The claims against Geico remain live. Accordingly, the thirty-day order should have been limited to dismissing the claims against 21st Century.

If Day had moved to reopen as provided in the thirty-day order or under Rule 60(b), the Court could have corrected the error and reopened the case as to Geico. The Court would then consider Day's failure to serve Geico in either state or federal court and his response to the show cause order, which indicates that Day does not intend to serve Geico while the case remains in federal court. (Doc. 21 at 2.) But Day did not move to reopen.[1] He appealed. And so, the Court lacks jurisdiction to correct the thirty-day order's overinclusive dismissal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 68 (1982) (per curiam) ("The filing of a notice of appeal . . . devests the district court of its control over those aspects of the case involved in the appeal.")

It also lacks jurisdiction to vacate the thirty-day order—as the Court would normally—on the basis of Day's statement that he "rescind[ed the] compromise and settlement with Defendant 21st Century." (Doc. 24 at 1); *see Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (explaining that a district court retains jurisdiction to deny a Rule 60(b) motion after an appeal but does "not possess jurisdiction to grant" one).

---

[1] Nor has Day moved to reopen or for reconsideration since he filed the appeal. If he had, the Court would follow the procedure in Rule 62.1(a), stating that it would grant the motion to the extent that Day sought to reopen the case as to Geico and 21st Century. *See* Fed. R. Civ. P. 62.1. However, the Court would deny a request to remand for the reasons stated in the February 21, 2022 order. (Doc. 18.)

4

Lacking those options, the Court turns to Day's most recent filing. Day moves for a stay of the thirty-day order until the Eleventh Circuit resolves his appeal. (Doc. 26.) The Court has jurisdiction to grant the stay because it preserves the without-prejudice dismissal until the Eleventh Circuit reviews the case. *Mahone*, 326 F.3d at 1179 (explaining that the district court may act "in furtherance of the appeal" (quotation omitted); *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064–65 (11th Cir. 2001) (noting that a "district court maintains jurisdiction to order stays or modify injunctive relief" (quotation omitted)). Since the settlement revocation supplies good cause to vacate the dismissal order and dismissal was always improper at that time as to Geico, the Court grants the motion to stay the thirty-day order. The dismissal will remain without prejudice pending resolution of the appeal.

Accordingly, the following is **ORDERED:**

1. The Court's order dismissing the case without prejudice is **STAYED.** (Doc. 22.) Dismissal shall remain without prejudice pending the appeal.

2. **Within seven days** after the Eleventh Circuit resolves Day's appeal, the parties must each file a notice apprising the Court of the decision.

**ORDERED** in Tampa, Florida, on March 16, 2022.

Kathryn Kimball Mizelle
United States District Judge

6