UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                        Case No: 8:22-cv-0058-KKM-SPF

21st CENTURY CENTENNIAL
INSURANCE COMPANY, and
GEICO GENRAL INSURANCE
COMPANY,

    Defendants.
_____

## ORDER

    Plaintiff Roy Day moves to vacate two prior court orders. (Doc. 33; Doc. 36.) The Court denies both motions because neither raises any new issues of fact or law. And given that Day has failed to timely serve Defendant Geico General Insurance Company as required by the Federal Rules of Civil Procedure, the Court dismisses Geico from the action.

    On February 21, 2022, the Court denied Day's motion to remand this action to state court and granted 21st Century's motion to dismiss Day's Complaint without prejudice. (Doc. 18.) Day has since filed a motion to vacate that order, (Doc. 36), which

21st Century opposes, (Doc. 38). The Court construes Day's motion to vacate as a motion for reconsideration of the Court's prior order under Rule 60. *See Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (Kovachevich, J.) (noting that whether a motion for reconsideration is brought under Rule 59 or Rule 60, district courts are "necessarily afforded substantial discretion in ruling on motions for reconsideration"). Instead of pointing the Court to any changes in the relevant facts or law, Day's motion merely repeats earlier arguments that this Court rejected in its prior order. *See Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) ("When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."). Day also makes a recusal request in his motion based on this Court's prior rulings against him. (Doc. 36 at 13.) But it is well settled that a prior adverse ruling does not constitute a basis for recusal. *See Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Because Day fails to point the Court to any intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice, *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (Gold, J.), the Court denies his motion to vacate

this Court's earlier order denying his motion to remand and granting 21st Century's motion to dismiss.

On March 22, 2022, the Magistrate Judge entered an order denying Day's motion for leave to appeal in forma pauperis as moot. (Doc. 32.) Day then filed a motion to vacate that order, which the Court also construes as a Rule 60 motion. (Doc. 33.) For context, after Day moved to appeal in forma pauperis, (Doc. 25), the Eleventh Circuit dismissed Day's appeal based on the Eleventh Circuit's standing order requiring Day first to obtain an order from the district court certifying that his appeal is not frivolous or requiring that the appellate docketing and filing fees be paid in full at the time Day files his notice of appeal. (Doc. 29.) Day does not explain why the Magistrate Judge's order ought to be vacated other than his erroneous contention that he never "consented" to the Magistrate Judge presiding over his case and thus presumably any orders by the Magistrate Judge are void. (Doc. 33.) Of course, this Court may refer non-dispositive motions to a magistrate judge even without the parties' consent. *See* Fed. R. Civ. P. 72(a); *TemPay v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1259 (M.D. Fla. 2013) (Whittemore, J.). The Court thus denies the motion to vacate the Magistrate Judge's order on that ground. In any future motion for leave to appeal in forma pauperis, the Court advises Day to identify precisely what he is challenging on appeal—which legal ruling and why—so

3

that the Magistrate Judge can make an informed frivolousness determination considering the Eleventh Circuit's standing order. (Doc. 29.)

In an order dated March 21, 2022, this Court directed Day to serve Defendant Geico by April 6, 2022, and it warned him that failure to serve Geico by that date would result in Geico's dismissal from the action. (Doc. 30.) That date has now come and gone. And Day has failed to prove he served Geico within the deadline or to properly receive or request a summons from the Clerk of this Court. *See* Fed. R. Civ. P. 4(m); *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 348 (11th Cir. 2006) (affirming the district court's sua sponte dismissal for failure to effect timely service of process); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (clarifying that pro se parties must comply with all the relevant law and rules of Court). While Day has filed a copy of summons issued by a state court, (Doc. 37), he has failed to properly serve Geico in accordance with the federal rules and has not shown good cause for this failure despite the Court's prior notice. Therefore, this Court dismisses Geico from the action.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion to Vacate (Doc. 33) the Magistrate Judge's denial of Day's motion for leave to appeal in forma pauperis is **DENIED**.

4

2. Plaintiff's Motion to Vacate (Doc. 36) this Court's earlier order denying Plaintiff's motion to remand and granting Defendant 21st Century's motion to dismiss is **DENIED**.

3. The Clerk is directed to **DISMISS** Defendant Geico from the action given Day's failure to timely serve Geico under Federal Rule of Civil Procedure 4(m) or to show good cause for an extension despite the Court's prior notice.

4. The only remaining Defendant in the action at this point is Defendant 21st Century. As the Court previously stated, (Doc. 18), it will give Plaintiff one opportunity to file an amended complaint against 21st Century to remedy the deficiencies that the Court identified in its prior order. (*Id.*) By **April 22, 2022,** Plaintiff must file any amended complaint against 21st Century. Failure to do so will result in the dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on April 8, 2022.

Kathryn Kimball Mizelle
United States District Judge