IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY,
ON BEHALF OF HIMSELF AND
AS CLASS ACTION ON BEHALF
OF OTHERS SIMILARLY SITUATED,
      Plaintiffs

VS.                                       C.A.  8:22-CV-58-KKM-SPF

GEICO GENERAL INSURANCE COMPANY,
21st CENTURY CENTENNIAL INSURANCE  COMPANY,
DONALD J. TRUMP,
WILLIAM P. BARR,
      Defendants

    **CAVEAT**: *Plaintiff repeats and realleges PLAINTIFF'S MOTION FOR "SPECIFICITY" PERTAINING TO THE APRIL 8, 2022 ORDER ON AMENDED COMPLAINT (Doc. 40) as if expressly stated herein (including "Exhibit "600"). This court's order dated April 15, 20022 (endorsed order – NO findings of fact or conclusions of law – NO specificity for page number, and line number listing any deficiencies). Accordingly, Plaintiff's instant Complaint states a cause of action, and is meritorious, specifically, the instant complaint must be remaned to the Florida Courts for proper VENUE.* The aforesaid April 15, 2022 order states "he Court resolves Day's [40] Motion," specifically, "resolve is defined as "DEAL WITH SUCCESSFULLY, CLEAR UP, RESOLVE DOUBTS, RESOLVE DISPUTE" (Merriam-Webster). The instant Complaint states a cause of action.

### COMPLAINT – 7TH

- For judicial economy: Plaintiff repeats and realleges Plaintiff's 1st and 2nd Complaints filed in the instant case, including each and all EXHIBITS ("1" through "13"), as if expressly stated here (Exhibits "1" through "13" not attached). ***NOTE: EXHIBIT "14" IS ATTACHED HERETO AND BY REFERENCE INCORPORATED – Trump and Barr are not fraudulently joined, and are indisputable witnesses with indisputable testimony for the instant Complaint, and the State Court Complaint***.

- The instant Third Complaint is a rough-draft, unedited copy, and filed for perpetuity, and for the Amended State Court Complaint with additional parties added in the State Court Amended Complaint.

- Plaintiff repeats and realleges Plaintiff's First Notice of Filing, and Plaintiff's Second Notice of Filing, in the instant case, as if expressly stated herein (including EXHIBITS)

**RE: NOTE** -  THIS DOCUMENT IS PRINTED ON THE FRONT AND BACK OF THE PAPER[1]

**CAVEAT 1**:   WE HAVE TO NOW STATE THAT NOTHING IN THE INSTANT PLEADING IS TO BE INTERPRETED AS A THREAT, SINCE WE ARE NOW DEALING WITH PARANOID GOVERNMENT EMPLOYEES. The licensed attorney courts do NOT provide a PEACEFUL RESOLUTION to the citizens of this Nation, and the various States. The instant Complaint is **denouement for a PEACEFUL RESOLUTION** to obtain Plaintiff's collateral damages that are due and payable in vehicle accident one (GEICO), and the right to obtain the damages for Plaintiff's vehicle accident two in which the vehicle was totaled, and subsequently repossessed because the insurance carrier (21st CCIC) would NOT pay Plaintiff one penny ($.01).

**N.B. 1 – Nota Bene**:    This instant pleading was filed during the COVID-19 epoch (SARS-COV-2) with an overlay of Social Distancing, Millennial's "Boomer Remover," Shelter-in-Place, Curve Flattening. In addition, the instant Complaint was filed during the George Floyd epoch, and the associated riots.

**N.B. 2 – Nota Bene**:     Since Plaintiff was denied "collateral damages" in a vehicle insurance case (VEHICLE ACCIDENT ONE - GEICO) in which the opposing party was 100% liable by driving through a parking lot crashing vehicles, with the licensed attorney courts denying the law, facts, and evidence existed pertaining to Plaintiff, after the opposing party elected to admit each and all law, facts, and evidence in Plaintiff's favor by not filing a Reply Brief in a Maine State Appellate Court, is an **INSULT** for any citizen of this Nation, and the various States, to be forced and coerced to file the instant Class Action lawsuit to expose the illegal and anti-competitive conduct of Defendant GEICO General Insurance Complaint (Warren Buffett …). In addition, pursuant to vehicle accident "two," since Plaintiff was denied the right to contract and to obtain monies for a vehicle crash in which a drug addict with no driver's license, and no insurance, rear-ended Plaintiff's vehicle at 55 mph while Plaintiff's vehicle "two" was stopped at a red light, with the overlay Plaintiff's vehicle was totaled by 21st Century Centennial Insurance Company, and subsequently, 21st Century Insurance  refused to pick-up the vehicle, and refused to converse with Plaintiff on the vehicle crash "two" (the vehicle was repossessed by the Financial Institution, and Plaintiff's credit rating destroyed),  is an **INSULT** for any citizen of this Nation, and the various States, to be forced and coerced to file the instant Class Action lawsuit to expose the illegal and anti-competitive conduct of Defendant 21st Century Centennial Insurance Company. Accordingly, the instant pleading is filed for the following "Main Stream Media" (MSM) individuals:

The Washington Post - Martin Baron (Executive Editor)

The Boston Globe - Brian McGrory - Editor

The Wall Street Journal – Matt Murray – Editor-in-Chief

The New York Times – Dean Baquet - Executive Editor

Mr. Norman Pearlstine - Los Angeles Times

---

[1] **PLEASE NOTE: Pursuant to the Federal Paper Reduction Act, and the Federal, and the various States, Environmental Protection Acts, this document is printed on the front and back of the paper.**
**( PAGE 2 OF 36 )    (APRIL 11, 2022)   ( CASE NO. 8:22-CV-58-KKM-SPF: AMEND-COMPLAINT-7TH )**

**NOTE 1**: The aforesaid five individuals are hereafter designated as "MSM."

Appellant anticipates the aforesaid individuals to expose the two-tier system of justice that is rampant in the licensed attorney courts in this Nation, and the various States. If a citizen does not hire a licensed attorney at $300.00/hour in direct violation of the various States' Anti-Trust Act, then a citizen is "marginalized" with the law, facts, and evidence being non-existent. In the instant case, the "licensed attorney" courts would not permit Plaintiff to have meaningful access to the courts pertaining to the vehicle accidents because Plaintiff was not represented by a licensed attorney at $300.00/hour. **THE LICENSED ATTORNEY COURTS ARE SICK, SICK, AND SICK**! If "MSM" conceal and cover-up the corrupt conduct being orchestrated in the licensed attorney courts against the citizens, "MSM's" silence speaks for itself as a "thinly disguised "fourth branch of government" to protect the licensed attorneys to "marginalize" to citizens to a "nonentity" and rob and rape the citizens at $300.00/hour in artificial-monopolistic legal fees (NOTE: Every consumer product bought has a "built-in" "marked-up" price to pay licensed attorney $300.00/hour (by way of example but not in limitation to: the vehicle insurance statutes are a fraud of the first order to pay licensed attorney artificial-monopolistic legal fees of $300.00/hour – seventy percent of vehicle accident are staged, premeditated, and a fraud, etc.).

**CAVEAT 2**: PLAINTIFF HAS FILED FEDERAL CRIMINAL COMPLAINTS WITH ATTORNEY GENERAL WILLIAM P. BARR, AND THE DEPARTMENT OF JUSTICE ON THE TWO-TIER SYSTEM OF JUSTICE WITH THE **LAW NOT ACTING ON ALIKE**! **FEDERAL CRIMINAL COMPLAINTS: (1) DATED FEBRUARY 25, 2020; (2) DATED JULY 21, 2020; (3) INTER ALIA.** (*For the purpose of the instant Complaint, when Plaintiff references the Federal Criminal Complaints, Plaintiff is referring, relating, mentioning and relating to the aforesaid Federal Criminal Complaints.*) There is no Res Judicata as reflected on the evidence documented by the "Department of Justice," and witnesses William P. Barr, and Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice. The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice (SEE "TRUMP AND BARR PARAGRAPH, INFRA, ON WITNESS BARR, AND WITNESS TRUMP, AND THE ASSOCIATED EVIDENCE AND TESTIMONY. **UNLESS A CITIZEN HIRES A LICENSED ATTORNEY AT $300.00/HOUR PER A VEHICLE INSURANCE POLICY, THE ONLY AVENUE AVAILABLE FOR A CITIZEN-ATTORNEY TO OBTAIN DAMAGES ON A VEHICLE INSURANCE POLICY IS TO FILE CRIMINAL CHARGES WITH DEPARTMENT OF JUSTICE AND AND ATTORNEY GENERAL WILLIAM P. BARR!!!!!!!!!!!!!!!** WE CALL THIS JUSTICE IN THE UNITED STATES!

## PLAINTIFF'S SEVENTH AMENDED COMPLAINT

NOW COMES ROY A. DAY, PLAINTIFF herein, and on behalf of others similarly situated, and for his Complaint against the above named Defendants, respectfully represents unto this Court as follows:

**1.** Plaintiff, ROY A. DAY, is a citizen of the United States of America, and a resident of the State of Florida.

**2.**  Defendant is the GEICO General Insurance Company (hereafter, "GEICO"), with its "principal place of business in the State of Florida" located in a "regional office" at 3535 West Pipkin Road, Lakeland, Florida 33811, and with its parent office located in Washington, D.C. (1 GEICO Plaza, Washington, DC 20076-000). Defendant "GEICO" is an insurance carrier engaged in the business of issuing vehicle insurance in the various States across the United States. At all times pertinent to this Complaint, and at all times mentioned, Defendant "GEICO" was acting through its principal agents and servants,  and said Defendant "GEICO" was acting individually and in concert, with each and all agents and servants and co-conspirators and employees, including but not limited to, subsidiaries and affiliates. "**GEICO" for "Vehicle Accident One**."

**3.**  Defendant is the 21st Century Centennial Insurance Company (hereafter, "21st CCIC") and is a subsidiary of Zurich Insurance Group AG, with "21st CCIC" principal place of business located at 4636 Somerton Road, Feasterville Trevose, Pennsylvania 19053-6742.  Defendant "21st CCIC" is an insurance carrier engaged in the business of issuing vehicle insurance in the various States across the United States. At all times pertinent to this Complaint, and at all times mentioned, "21st CCIC" was acting through its principal agent and servant, Anthony J. DeSantis (Chief Executive Officer), and said Defendant "21st CCIC" was acting individually and in concert, with each and all agents and servants and co-conspirators and employees, including but not limited to, "CEO" Anthony J. DeSantis, and Williams Loucks (COO – Chief Operating Officer). Plaintiff's 21ST CLAIM NO. - 1: 306076259-1; Plaintiff's 21ST CLAIM NO - 2:  3006076259-1-2.  **21st CCIC" for VEHICLE ACCIDENT TWO**."

**4.**  Defendant Donald J. Trump (hereafter, Defendant "DJT") is a citizen of the United States of America, and a resident of the State of Florida (Mar-a-Lago in Palm Beach, Florida). Plaintiff names "DJT" as a "private citizen." "DJT" was, and at all time herein mentioned was, duly appointed, and/or elected, employed, and acting as the President of the United States as associated with Exhibit "14" attached hereto and by reference incorporated herein.

**5.** Defendant William P. Barr (hereafter, Defendant "WPB") was, and at all times herein mentioned was, duly appointed, and employed, and acting as U.S. Attorney for the United States of America. Each and all of the acts of Defendant "WPB" set forth herein were done by him acting individually and in concert, under the pretense of the statutes, ordinances, regulations, customs, and usages of the United States, and by virtue of, and under the authority of, his office as U.S. Attorney General.

==================================================================

==================================================================

==================================================================

**6.** Since we are using "licensed attorney courts of "…," Plaintiff must place the following  law in the instant Complaint, even though the law is not proper in a complaint. The following law reflects the instant complaint has proper venue in the Florida Courts based on citizens of the same State (Trump and Day are from the same State, and the amount in controversy is less than $75,000.00), and  is timely filed under any Statute of Limitation based on the Discovery Rule.

A "two-tier system of justice" is the order of the day in the Federal Courts. (see Andrew Pretka, et al. v Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010 – see the amount of

damages to remand, and citizens of the same State – Trump and Plaintiff – see Issue ). In addition, this court has a clear right to entertain the Motion to Remand pursuant to due order of pleadings (see <u>University of South Alabama v. The American Tobacco Company, et al.</u>, 168 F3d 405, (11th Cir 1999)).

The FACE OF THE RECORD in the instant Complaint reflects Plaintiff's Complaint is under $75,000.00, The Court can only turn to the **instant Complaint to determine damages and the FACE OF THE RECORD**! The instant case must be remanded immediately! A "two-tier system of justice" is the order of the day in the Federal Courts. (see <u>Andrew Pretka, et al. v Kolter City Plaza II, Inc</u>., 608 F.3d 744 (11th Cir. 2010 – see the amount of damages to remand). In addition, this court has a clear right to entertain the Motion to Remand pursuant to due order of pleadings (see <u>University of South Alabama v. The American Tobacco Company, et al.</u>, 168 F3d 405, (11th Cir 1999))

28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs, states:

```
"(a)The district courts shall have original jurisdiction of all civil
actions where the matter in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs, and is between—
(1)
citizens of different States;
```

**<u>CAVEAT</u>**: Defendant Trump and Barr were **<u>NOT FRAUDULENTLY JOINED TO AVOID REMOVAL TO FEDERAL COURT</u>** "*CONTRARY*" to "Trump-Judge-Mizelle's" "antics" to state Trump was joined "fraudulently;" Defendant Trump and Barr were joined as "indispensable" parties as associated with the Federal Criminal Complaint (see Exhibit "14" attached hereto and by reference incorporated herein) filed with the Department of Justice in reference to the **<u>Discovery Rule</u>** and the **<u>Statute of Limitations</u>**, specifically, the testimony of Defendant Trump and Barr is "indispensable." **<u>Defendant Trump and Plaintiff are from the</u>**

**same State**, and the amount on the **FACE OF THE RECORD** in the **instant Complaint** is less than $75,000.00. Accordingly, the State of Florida Courts have competent venue and subject matter jurisdiction.

===============================================================

===============================================================

===============================================================

**7.** In effecting the unlawful conduct complained of hereinafter, the aforesaid Defendants, acted in concert and conspiracy with other persons or individuals, whose names and identities are not at this time known to Plaintiff, which said persons are hereafter referred to as agents or servants or co-conspirators or employees of Defendant "GEICO" and Defendant "21st CCIC."

**8.** This is a civil action for the violation of Plaintiff's Constitutional Rights, and a civil action brought to prevent deprivations under color of State Law, of certain rights, privileges, and immunities secured to Plaintiff by the Florida Constitution, with Defendants "GEICO," and "21st CCIC," being **PRICIPAL CO-CONSPIRATORS**, with **government employees**, to create a "two-tier system of justice," and for an order declaring unconstitutional the discriminatory acts of Defendants "GEICO," and "21st CCIC as **co-conspirators with government employees**, and for the associated damages ("litigating fees") caused to Plaintiff by Defendants' "co-conspirator" government illegal conduct.

**9.** This action is brought under the Florida Constitution, Section 2 (Basic Rights), and Section 9 (Due Process).

**10.** In addition, this action is brought pursuant to the "**cunning, misleading, and deceptive**" (fraud) conduct of Defendants "co-conspirator conduct" to "payoff" (cash in various forms to conceal

and cover-up the illegal conduct) "licensed attorney judges" to deny the law, facts, and evidence exist when pertaining to Plaintiff, creating a "**two-tier" system of justice** with the overlay to "tear-up" the Constitution of the State of Florida, Section 2 (Basic Rights), and Section 9 (Due Process), specifically, **the law does NOT operate on all ALIKE**.    In addition, this action is brought for a Declaratory Judgment to determine the validity and legality of Defendants' course of "**cunning, misleading, and deceptive**" (fraud) conduct to **create a two-tier system of justice so the LAW DOES NOT OPERATE ON ALL ALIKE** as associated with the Constitution of the State of Florida, creating an illegal and anti-competitive milieu.

```
================================================================
================================================================
================================================================
================================================================
```

**11.**   Since we are using "licensed attorney courts of "…," Plaintiff must place the following case law in the instant Complaint, even though case law is not proper in a complaint. The following case law reflects the instant complaint is timely filed under any Statute of Limitation based on the Discovery Rule.

## PLAINTIFF'S COMPLAINT IS NOT BARRED BY ANY STATUTES OF LIMITATION FOR CONTRACT LAW, OR TORTS LAW.

Pursuant to Plaintiff's instant Complaint as associated with Plaintiff's vehicle crash, Plaintiff is not barred from filing any complaint using contract law, or law sounding in torts, based on Exhibit "14" attached hereto and by reference incorporated herein. July 21, 2020 date would be the "potential date" for the Statute of Limitation to begin to toll based on the filing of the Criminal Charges at the FBI, and as referenced under the "Discovery Rules"; however the "actual date" for the Statute of limitations to begin to toll would be the date the FBI "investigation report" is released and dated. Accordingly, the true and correct date for the Statute of Limitations begins to toll pertaining to Plaintiff's instant Complaint as associated with the vehicle crash is the "actual date - Discovery Date" of the FBI investigation report!!!!!

Plaintiff's Thrid Amended Complaint provides Florida State Law **only**, and NO Federal issues (Defendants Donald Trump and William Barr are named as "indisputable" parties); however the **facts and issues** surrounding Defendants Trump and Barr, and the Federal Criminal Complaint (see Exhibit "14" attached hereto and by reference incorporated herein) reflect "indisputable" parties and witnesses for the instant Complaint.

**CAVEAT**: Defendants Trump and Barr are  named as parties so the issues would be entertained and reached. Defendants Trump and Barr are "indispensable" "parties" and "witnesses" as associated with the Federal Criminal Complaint (see Exhibit "14" attached hereto and by reference incorporated herein) filed with the Department of Justice in reference to the

**Discovery Rule** and the **Statute of Limitations**, specifically, the testimony of "witnesses

Trump and Barr is "indispensable."

At this stage of litigation, based on the attached Exhibit "14," July 21, 2020 would be the

date when the Statute of limitation begins to toll on Plaintiff's instant Complaint, and any

subsequent Complaints filed associated with the vehicle crash (NOTE: The actual dated of the

FBI criminal report will be the <u>actual date</u> the Statute of Limitation begins to toll – Federal Case

Law supports this issue!). The Discovery Rule is controlling. **CAVEAT**: DEFENDANTS

CANNOT HIDE BEHIND CRIMINAL LAW TO DENY PLAINTIFF COMPENSATION

FOR A VEHICLE CRASH! The FBI, as associated with the criminal investigation, will testify

in the Florida Courts (proper Venue), along with Defendants Trump, and Barr (Defendants

Trump and Barr will provide "indispensable testimony"), along with the Grand Jury members.

Accordingly, there is NO the diversity of citizenship (Trump and Day are from the same State)

present, with the amount in damages is less than $75,000.00 on the **FACE OF THE RECORD**

**for the instant Complaint ONLY** – Florida Courts have proper Venue – THERE IS NO

FEDERAL ISSUE.

Definition of the Discovery Rule:

"**A rule that expands the statute of limitations,** such that the time period during which a lawsuit may be initiated begins from the moment the victim of the tort or plaintiff becomes aware of the act of alleged malpractice."

In <u>James E. Ross v. John Garabedian</u>, 433 Mass. 360 (2001), Supreme Judicial Court of

Massachusetts, Middlesex, the court generated a **<u>prima facie</u>** example of the "Discovery Rule"

infra:

> "In 1999, James E. Ross filed a lawsuit against John Garabedian.
> According to the lawsuit, Garabedian began sexually abusing Ross in
> 1968. Ross was 13-year-old at the time the abuse began.
> "Ross filed the lawsuit approximately 30 years after the alleged abuse
> took place. Although outside of the statute of limitations, Ross'
> legal team argued the case was still valid under the state of
> Massachusetts three-year discovery rule.
> "According to their argument, the abuse took place between 1968 and
> 1971. However, Ross did not discover the psychological impact of his
> abuse until 1996 during therapy.
> "A court of appeals sided with Ross, recognizing the trauma and
> delayed action of an abuse survivor."

Even though the aforesaid <u>Ross</u> case is a Massachusetts case, and not an Eleventh Circuit

Federal case, the Discovery Rule can be extrapolated to the Federal Courts based on the well

defined Discovery Rule in the <u>Ross</u> case, which used **<u>EXCELLENT "syntax" and "context"</u>**

to provide a Discovery Rule definition. Accordingly, the FBI report date that is released for the

investigation for the Criminal Conduct (see Exhibit "14" attached hereto and by reference

incorporated herein) would be the actual date for the Statute of Limitations to begin pertaining

to Plaintiff's instant Complaint, and the associated facts for the vehicle crash for the instant

case. Plaintiff's Complaint, in reference to the vehicle crash, whether sounding in Contract law,

or sounding in Torts, is properly before the court, and timely filed, for the instant case, and

future cases in the Florida Courts.

In <u>Klehr v. A.O. Smith Corp.</u>, 521 U.S. 179 (1997), the U. S. Supreme Court elaborates on the Discovery Rule associated with the Statute of Limitations in reference to the "RICO" Act and the Clayton Act and the extension of time for the Statute of Limitations.

There are numerous Federal and State Court cases on the Discovery Rule associated with "child abuse" cases, and "criminal investigations" by law enforcement pertaining to the extension of time for a Statute of Limitation. In the instant case, the FBI criminal investigation (see Exhibit "14" attached hereto) is the actual date when the Statute of Limitations begins to Toll for the instant Complaint as associated with Plaintiff's vehicle crash. Case Closed on the fraudulent statement by "Trump-Judge-Mizelle's" "antics" that Plaintiff's Complaint**s** are barred by the Statute of Limitation!!!!!!!!!!!

In <u>State of Florida v. Larry King,</u> 282 So.2d 162 (1973), Supreme Court of Florida (Rehearing Denied September 24, 1973), the court held:

> <u>**12.**</u>"Thus, the controlling question is the time at which the two year statute of limitation involved began to run: (1) at the time the victim knew or by the exercise of reasonable diligence should have known of the crime, or (2) at the time the victim makes demand upon the defendant to pay over."

Since proper Venue is the State of Florida for the instant Complaint, the aforesaid enumerated <u>State of Florida</u> case clearly defines the Statute of Limitations for the instant Complaint as associated with Plaintiff's vehicle crash, specifically, the FBI criminal report (See Exhibit "14" attached hereto) will reflect the true and correct date that the Statute of Limitations begins to toll for Plaintiff's instant Complaint associated with the vehicle crash (and present, and future, Complaints filed in the Florida Courts as associated with Plaintiff's vehicle crash).

DEFENDANTS CANNOT HIDE BEHIND CRIMINAL LAW!

<u>NOTE</u>: Even though the following case law is not from this Circuit, the law is well settled, and can be extrapolated to this Circuit – Florida law would be controlling on the vehicle contract, since the contract was initiated in the State of Florida (Florida Courts have proper Venue).

In <u>U.S. Rubber Co. v. Lucky Nine, Inc.</u>, 159 So.2d 874 (Fl. App. 1963), the court held:

> "Doctrine of <u>res</u> <u>judicata</u> should not be applied to protect one guilty of fraud, deceit, or misrepresentation."

<u>See Plaintiff's Criminal Charges filed with the F.B.I. and Defendant Barr (See Exhibit "14" attached hereto). There is no res judicata in the instant case since the court orders are based on fraud (intrinsic and extrinsic), deceit, and misrepresentation as enumerated in the above-cited U.S. Rubber Co. case.</u>

<u>Hercules Carriers, Inc. v. Claimant State of Florida, Dept. of Transp.</u>, 768 F2d 1558

(CA11 Fla. 1985), the court held:

> "Most significant consideration in determining whether to invoke collateral esstoppel is whether party had full and fair opportunity to litigate issue to be estopped."

U.S. v. Hartley, 612 F2d 1009 (CA Fl. 1980), the court held:

> "Collateral estoppel applies when an issue of ultimate fact has once been determined by valid and final judgment."

Even though the aforesaid case law is not from this Circuit, the law is well settled on the issue of *res judicata* and a collateral estoppel, and the general tenet can be extrapolated to this Circuit. *Res judicata* cannot be applied to protect the citizens who engaged in fraud, deceit, or misrepresentation against Plaintiff as more fully stated in Plaintiff's Complaint in the instant case, and as enumerated in the above-entitled U.S. Rubber Co. case. The facts in Plaintiff's Complaint are clear and certain and full and satisfactory that Plaintiff was denied a full and fair opportunity to litigate the issues to be estopped as enumerated in the above-entitled Hercules Carriers, Inc. case. The orders entered by the licensed attorney judges against Plaintiff were not valid and a final judgment, but were a "**covert-criminal-operation**" to rob and rape Plaintiff of the "**collateral damages**" and the "**damages that are due and payable on the vehicle insurance contract**" as enumerated in the above-entitled U.S. case. The licensed attorney courts engaged in "obstruction of justice" and "tampering with evidence," with the law, facts, and evidence being non-existent pertaining to Plaintiff, who was not represented by a licensed attorney at $300.00/hour, and unable to pay a filing fee. See Plaintiff's Criminal Complaint filed with Defendant Barr and the F.B.I. (see Exhibit "14" attached hereto and by reference incorporated herein)

In <u>Kaspar Wire Works, Inc. vs. Leco Engineering & Mach, Inc.</u>, 575 F2d 530

(1978), the court held:

> "Judicial finality, predicate for res judicata, arises only from final
> decision rendered after parties have been given reasonable opportunity
> to litigate claim before court of competent jurisdiction."

It is self-evident truth in the instant case that Plaintiff was denied a reasonable opportunity

to litigate Plaintiff's claim based on the fraudulent sanctions claim of $4,000.00, with *res*

*judicata* not being applicable in the instant case as enumerated in the above-entitled <u>Kaspar</u>

<u>Wire Works, Inc</u>. case.

In <u>Missouri v. P.R. Co. Mackey</u>, 127 US 205 (1888), the Court held:

> "Due process of law, within meaning of 14th amendment is secured if
> laws operate on all **alike,** and do not subject individual to arbitrary
> exercise of powers of government."

In <u>Frost v. Corporation Com. of Oklahoma</u>, 278 US 515 (1929), the Court held:

> "Purpose of equal protection clause in federal Constitution is to rest
> rights of all persons **upon same rule under similar circumstances.**"

The Fourteenth Amendment to the Constitution of the United States, states:

> "... nor shall any State deprive any person of life, liberty or
> property, without due process; nor deny to any person within its
> jurisdiction the equal protection of the law."

In <u>Mitchell v. W.T. Grant Co.</u>, 416 US 600 (1974), the Court held:

"Due process of law guarantees no particular form of procedure; it protects substantial rights."

The law did not operate on all alike under similar circumstances. It is self-evident that Plaintiff has been denied due process and equal protection of the law as enumerated in the above-cited cases.

```
================================================================
================================================================
================================================================
 ===============================================================
```

**13.** Plaintiff brings and prosecutes this action under the State of Florida "Class Action" Statutes pursuant to the Florida Rules of Civil Procedure as a "Class Action" for himself and a representative of and on behalf of all persons similarly situated, to wit, each and every Florida citizen that is being subjected to Defendants' "**<u>cunning, misleading, and deceptive</u>**" conduct to create a "**<u>two-tier system of justice</u>**" (the Class denied due process and equal protection of the law) to have "licensed attorney judges" (after receiving cash under the table – cash in various forms to conceal and cover-up the illegal conduct)" institute an illegal and anti-competitive milieu to ensure the **LAW DOES NOT OPERATE ON ALL ALIKE** unless a "licensed attorney" is representing a citizen at $300.00/hour, violating the Constitution of the State of Florida.

**14.** Plaintiff has been informed and believes, and on such information and belief alleges, that the class members are so numerous that joinder of all members is impracticable. The prosecution of separate actions by the individual class members, even if possible, would create a risk of: (A.) inconsistent or varying adjudications with respect to individual class members against Defendants, and which could establish incompatible standards of conduct for the Defendants or (B.) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.

**15.** There are substantial questions of law and facts on the controlling issue that Plaintiff, and the Class, are being subjected to Defendants' "**cunning, misleading, and deceptive**" conduct to create a "**two-tier" system of justice**" (the Class denied due process and equal protection of the law) to ensure the **LAW DOES NOT OPERATE ON ALL ALIKE** to deny **policyholders** "collateral damages" that are due and payable, and the right to contract to receive "damages" that are due and payable from an insurance contract that a citizen has timely paid monthly premiums. Plaintiff, and the Class, are being prohibited from obtaining "collateral damages" from a vehicle accident that an opposing party was 100% liable based on Defendants' "cunning, misleading, and deceptive" conduct to ensure the **LAW DOES NOT OPERATE ON ALL ALIKE**. The aforesaid issues are common to the claim of Plaintiff against Defendants, and to the claim of each of the class members against Defendants. The question of Plaintiff, and the Class, being subjected to the "denial" of "damages" that are due and payable where an opposing party is 100% liable, has generated a "**two-tier system of justice" (the Class denied due process and equal protection of the law)**, one in which a policyholder who hires a licensed attorney at $300.00/hour to have the law, facts, and evidence admitted, and the other system is for citizens who do not have a licensed attorney representing them to have the law, facts, and evidence denied as existing. Such a course has created "artificially high, non-competitive prices, for vehicle insurance, and that are unconscionable, unreasonable and unfair," and violate the State of Florida Anti-Trust Laws, governing and dispositive of the claims against Defendants of each Class member. The claims of Plaintiff herein are typical, in all important respects, of the claims of each and all of the Class members, and are based and arises out of the identical facts constituting the unlawful conduct of Defendants to continue to engage in "cunning, misleading, and deceptive" conduct to create a "**two-tier system of justice**" (the Class denied due process and equal protection of the law) to ensure the **LAW DOES NOT OPERATE ON ALL ALIKE**, in the year A.D. 2022, as associated with the emerging "world-global-village-economy," and "digital-electronic-age," resulting in THE DENIAL OF "DAMAGES" THAT ARE DUE AND PAYABLE," with the overlay of "artificially high, non-competitive vehicle insurance policies, that are unconscionable, unreasonable and unfair prices."

**16.**   Plaintiff will fairly and adequately represent the interests of the Class and the individual members due to the reason of the similarity or identity of the claim of Plaintiff and the individual Class members, specifically, each and every "policyholder" of Defendants' products and services who are being subjected to Defendants' "cunning, misleading, and deceptive" conduct to create a "**two-tier system of justice"** (the Class denied due process and equal protection of the law) to ensure the **LAW DOES NOT OPERATE ON ALL ALIKE** to prevent "damages" form being paid to a policyholder. Such a course has generated "**artificially high, non-competitive vehicle insurance prices, that are unconscionable, unreasonable and unfair**," and violate the State of Florida Anti-Trust Laws, as associated with the emerging "world-global-village-economy," and "digital-electronic-age."   The successful assertion of Plaintiff's claims herein will necessarily establish determinations of fact and law adequate to prove liability of Defendants, and to each Class member. The questions of law and fact common to Plaintiff against Defendants, and to the claims of all Class members against Defendants to subject Plaintiff to Defendants' "cunning, misleading, and deceptive" conduct to create a "**two-tier system of justice"** (denied the Class due process and equal protection of the law) that ensures the **LAW DOES NOT OPERATE ON ALIKE** that denied Plaintiff, and the Class, "damages" that were due and payable, with the overlay of generating "artificially high, non-competitive vehicle insurance prices, and that are unconscionable, unreasonable and unfair prices," and violate the State of Florida Anti-Trust Laws, as associated with the "world-global-village-economy,"  and "digital-electronic-age," with the overlay of subjecting, Plaintiff, and the Defendant's policyholders to monopolistic practices, predominate over questions, if any affecting only individual members, and a class action is superior to other available methods, if in fact any other methods are available which Plaintiff denies, for the fair and efficient adjudication of the matters alleged herein.

**17.**   Insofar as the State of Florida Laws sounding in "torts" for "**cunning, misleading, and deceptive" conduct by Defendants to deny policyholders "damages" that are due and payable**, and as associated with the Florida Anti-Trust Laws, are applicable to Defendants' course of "co-conspirator" illegal action, Defendants have violated  State of Florida Laws sounding in "**torts" for "cunning, misleading, and deceptive" conduct by Defendants to deny policyholders**

**"damages" that are due and payable with the LAW NOT OPERATING ON ALL ALIKE**, and violating the Florida Anti-Trust Laws, and the various States' Anti-Trust Laws, in the following respects:

**a. DEFENDANT "GEICO"**:   Plaintiff is seeking "collateral damages" pertaining to a vehicle accident.

**FACTS FOR "GEICO" VEHICLE ACCIDENT**, infra (**VEHICLE ACCIDENT ONE**):

**b.** Plaintiff initially filed a Complaint in Federal Court to obtain the "collateral damages," but since there was a delay on serving the parties, Plaintiff filed a Complaint in the State Court of Maine (hindsight – a mistake based on corrupt, unethical … Judges ([e]llen [g]orman) "…") – Maine was the residence of the opposing parties. The vehicle accident occurred on April 29, 2016, in Pasco County, Florida (Florida Highway Patrol – See Crash Number 85318748 – See Exhibit "1" attached hereto and by reference incorporated herein) (See Reporting Agency Case Number: FHPC16OFF044620 – See Exhibit "2" attached hereto and by reference incorporated herein). The wrongdoer was driving  a vehicle in a willful, intentional, malicious, and "cunning, deceptive, and misleading" (fraudulent) conduct at a high rate of speed in a library parking lot with the overlay with a "fit of rage," to willfully, intentionally, and maliciously cause damage to "specific vehicles" as a "target."

**c.** At that time and place of the vehicle accident, supra, the wrongdoer negligently operated or carelessly maintained said motor vehicle so that it collided with various vehicles in the Hudson Library parking lot, including but not limited to, Plaintiff's vehicle (2015 Chevrolet

Spark). The wrongdoer is insured by Defendant "GEICO." For judicial economy, and so the record is clear and certain and full and satisfactory, Plaintiff incorporates the following EXHIBITS as if expressly stated and viewed herein, viewed "quasi-attached" hereto and by reference incorporated herein – the ladies and gentlemen of the jury can view the following evidence (NOTE: Perform a "search" on Google's "YOU TUBE" for "LORNA KENNETH GREY" for the following EXHIBITS):

EXHIBIT "3" – see Google's "YOU TUBE" for VIDEOS and a SLIDESHOW of the motor vehicle accident. Two "long" VIDEOS, and six "short" VIDEOS, one Slideshow, entitled: (a) Video – May 11, 2016 ; (b) Video Voice Hudson; (c) "Lorna Kenneth Grey" Slideshow; (d) Six "short" VIDEOS.

EXHIBIT "4" – see Google's "YOU TUBE" for a VIDEO entitled "LORNA KENNETH GREY" with Roy A. Day's picture – entitled: "Voice – Video – Hudson Vehicle Accident – April 29, 2016 – Scofflaws Lorna and Kenneth Grey's Vehicle – Path of Destruction."

EXHIBIT "5" – "Animation" of the motor vehicle accident - see the following address in the browser address bar:
https://goo.gl/photos/z8w85FPHfZ7BSKPBA

EXHIBIT "6" – "Photos" of the motor vehicle accident. See the following address in the browser address bar:
https://photos.google.com/share/AF1QipM22yrttGvNcxRNc5HqS39YWD54w82vaperpzNX1cFavXaZAoUsldyV
j0FRc5DlbQ?key=bXc1eEs3NmNRQTFOa3REMWpPZDhnSFQ0WTVFZ093

NOTE: The aforesaid VIDEOS and PHOTOS are also on Defendant "GEICO's" claim website pertaining to the motor vehicle accident.

**d.** The attached Exhibit "2" (Reporting Agency Case Number: FHPC16OFF044620), reflects that the wrongdoer was charged with negligent driving, but the evidence at the accident scene shows a more severe charge should have been brought, and the wrongdoer conspired to placed falsehoods on the record with the Florida Highway Patrol to conceal and cover-up the willful, intentional, malicious, and "cunning, deceptive, and misleading" ("fraud") conduct. The aforesaid EXHIBITS "3" through "6" show evidence that the wrongdoer was scheming after the motor vehicles were hit, when in fact, the wrongdoer attempted a "hit-and-run" and/or was scheming an insurance-scam, with a "specific-target-vehicle" for the vehicle

accident. NOTE: If the wrongdoer was "accelerating" as stated in the report (see Exhibit "2") the vehicle would have generated brake marks at the ninety degree turn (the vehicle would have possibly overturned, but the vehicle made a slow-smooth right turn – the evidence shows this fact). Most importantly, if the vehicle was "accelerating," the vehicle's "front-end" would be totally destroyed when the tree was hit (the front-end of the wrongdoer' vehicle reflects a "slow-smooth" "scheming" hit and not an "accelerating" hit). Plaintiff made the aforesaid facts clear and certain and full and satisfactory to the Director of Florida' Motor Vehicle Department and the Florida Highway Patrol (See EXHIBIT "7" and "8" attached hereto and by reference incorporated herein).

**END FACTS FOR "GEICO" VEHICLE CRASH (VEHICLE ACCIDENT ONE)**.

Plaintiff's "collateral damages" are DUE AND PAYABLE!  The State of Maine Courts (licensed attorney judges) began an orchestrated campaign to deny Plaintiff access based on a "two-tier system of justice" by denying the law, facts, and evidence existed pertaining to Plaintiff based on Plaintiff not being represented by a licensed attorney at $300.00/hour. Plaintiff was forced and coerced to file an appeal in the Maine State Courts pursuant to the Maine Rules of Appellate Procedure, specifically, a BRIEF. The opposing party in the Maine case, being  a BILLION DOLLAR corporation (Defendant GEICO), hired a licensed attorney law firm, and the BILLION DOLLAR corporation elected **NOT** to file a REPLY BRIEF, as the Maine Rules of Appellate Procedure require (See Maine Rules of Appellate Procedure, No. 7, infra). Such a course **has admitted each and all facts, issues, and law as stated in Plaintiff's BRIEF**. A Maine Supreme Court Justice (ellen X gorman – lower case letters for a dishonest, unethical, sleazy, corrupt, ...) refused to admit the Maine Rules of Appellate Procedure, No 7,  existed for Plaintiff and dismissed the appeal because Plaintiff was not represented by a licensed attorney at $300.00/hour. (**CAVEAT**: ALL THE ORDERS ENTERED IN THE MAINE STATE COURT CASE, AND SUBSEQUENTLY, IN THE FEDERAL COURTS, WERE ENTERED PURSUANT TO "PRIOR AGREEMENT" AND "PERSONAL MOTIVATION" – NOT JUDICIAL ACTS – THE ORDERS WERE ENTERED TO **OBSTRUCT JUSTICE AND TAMPER WITH EVIDENCE**, INTER ALIA - SEE FEDERAL CRIMINAL COMPLAINT FILED WITH U.S. ATTORNEY WILLIAM BARR AND THE DEPARTMENT OF JUSTICE) (Also see the Rankin case, infra, pertaining to a judges **prior agreement and personal motivation**). The

aforesaid two-tier system of justice, with the **LAW NOT ACTING ON ALL ALIKE**, violated Plaintiff Fourteenth Amendment rights of due process and equal protection of the law, with the overlay that [ellen X gorman], inter alia, "**obstructed justice" and "tampered with evidence**," inter alia (Federal Criminal Charges have been filed). The Federal Courts (U.S. District, and the U.S. Court of Appeals for the First Circuit) used the "obstruction of justice" and "tampering with evidence" order to deny Plaintiff the "collateral damages" that are due and payable!  Federal Criminal Charges have been filed on the aforesaid criminal conduct pertaining to the obstruction of justice and tampering with evidence.  In addition, a Federal "Civil" Complaint was filed on the aforesaid violation of Plaintiff's Fourteenth Amendment rights pursuant to the State of Maine, and [ellen X gorman's] criminal conduct, but the "buddy" system denied the law, facts, and evidence existed when pertaining to Plaintiff, and the Federal Courts would NOT permit Plaintiff to have "meaningful access"  to the Federal Courts to obtain the "collateral damages" and expose the two-tier system of justice operating in the Maine State Courts. As reflected, infra, Plaintiff will have former U.S. Attorney General William P. Barr, and former President Donald Trump, testify on the criminal complaint filed, and the "obstruction of justice" and "tampering with evidence," inter alia. There is NO res judicata, and the "collateral damages" issue, and associated evidence, has NEVER been entertained or reached. If there was a licensed attorney representing Plaintiff, Plaintiff would not be writing and presenting the instant Class Action case. PLAINTIFF HAS BEEN DENIED PLAINTIFF'S COLLATERAL DAMAGES BASED ON "CUNNING,, MISLEADING, AND DECEPTIVE" (FRAUD – INTRINSIC AND EXTRINSIC) CONDUCT, WITH AN OVERLAY OF **OBSTRUCTION OF JUSTICE AND TAMPERING WITH EVIDENCE, INTER ALIA**. THE LAW DOES NOT OPERATE ON ALL ALIKE!!!!!!!!!! A TWO-TIER SYSTEM OF JUSTICE IS CONTROLLING AGAINST ANY CITIZEN WHO IS NOT REPRESENTED BY A licensed attorney AT $300.00/HOUR!!!!!!!!!!!!!!!!!!!!!!!!!!

 

 

   Maine Rules of Appellate Procedure, Rule 7, Schedule for Briefing and Consideration, states:

"(a) Briefing Schedule.  Upon determining that the record on appeal is complete, the Clerk of the Law Court shall promptly send to each counsel of record and each party that is not represented by counsel a written notice stating: (1) the dates on which the appellant's brief, the appellee's brief, and the appendix are due to be filed; and (2) the date on which appellant's reply brief, if any, is due to be filed.  The due dates stated in the notice for briefing, filing the appendix, and consideration are not affected by any later transcript order, procedural motion, or court order unless the Law Court orders otherwise.

 "(b) Time for Filing Briefs.

"(1) Track A Appeals. In a Track A appeal, the appellant shall file the appellant's brief within 28 days (4 weeks) after the date that the record on appeal is complete. The appellee shall file the appellee's brief within 56 days (8 weeks) after the date that the record on appeal is complete, and the appellant may file a reply brief within 14 days after the date that the appellee's brief is filed."

It is not proper to place case law in a Complaint, but the instant Complaint is "precedential."

In Rankin v. Howard, 633 F2d 844 (9th Cir 1980), the Court held:

```
"A judges private, prior agreement, to decide in favor of one party is not a
'judicial act' for purpose of judicial immunity."
```

**There is no res judicata in the instant case (See Exhibit "10" attached hereto and by reference incorporated herein** – No Res Judicata as reflected on the evidence documented by the "Department of Justice," and Defendant William P. Barr, and Defendant Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice. The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice!!!!!!!!!!!!!

**There is no res judicata in the instant case (See Exhibit "11" attached hereto and by reference incorporated herein** – No Res Judicata as reflected on the evidence documented by the "Department of Justice," and Defendant William P. Barr, and Defendant Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice. The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice!!!!!!!!!!!!!

**There is no res judicata in the instant case (See Exhibit "12" attached hereto and by reference incorporated herein** – No Res Judicata as reflected on the evidence documented by the "Department of Justice," and Defendant William P. Barr, and Defendant Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice. The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice!!!!!!!!!!!!!

**NOTE – NOTE – NOTE – NOTE – NOTE**: TO ADD INSULT TO INJURY, DEFENDANT "GEICO" PAID $20,000.00 TO "…" WHO CAUSED MAJOR INJURIES AND DESTRUCTION, ALL BASED ON A "SECRET LICENSED ATTORNEY" REPRESENTING THE "…" (the MSM – MainStream Media -  as expected, did NOT mention in the article that a "SECRET LICENSED ATTORNEY" was representing "…"). **See EXHIBIT "13" attached hereto and by reference incorporated herein.** The is a classic prima facie example what the vehicle insurance monopolistic, non-competitive pricing, is paying for at the policyholders expense !!!!!!!!!!!!!!!!!!!!!!!!!!! Defendant GEICO would not pay Plaintiff one penny ($.01) for the "Collateral Damages," but would pay the law firm one hundred thousand dollars, and pay a judge cash under the table to deny the law, facts, and evidence existed when pertaining to Plaintiff to ensure the facts and issues in reference to the vehicle crash were never reached or entertained, and the case was illegally dismissed.

**e. DEFENDANT "21st CCIC"**: (**VEHICLE ACCIDENT TWO**) Plaintiff is seeking "damages"

pertaining to a vehicle accident that occurred EIGHT YEARS AGO (OVER 2920 DAYS).

Defendant "21st CCIC" will not converse (verbal, email, text, fax) with Plaintiff since Defendant "21st CCIC" paid the judges cash under the table to deny Plaintiff meaningful access to the licensed attorney courts (cash in various forms to conceal the illegal conduct). Plaintiff has been paid Zero Dollars, and Zero Cents ($0.00) (PLAINTIFF PAID SIX YEARS ON THE INSURANCE POLICY, AND HAS RECEIVED NOT ONE PENNY IN  DAMAGES), with the overlay that the crash facts and issues have never been entertained for EIGHT YEARS due to Plaintiff not being represented by a licensed attorney at $300.00/hour. See Exhibit "9" attached hereto and by reference incorporated herein – Crash Report.

**FACTS FOR "21ST CCIC" VEHICLE CRASH (VEHICLE ACCIDENT TWO)**

Plaintiff was involved in a vehicle accident which occurred on June 23, 2012, in Pasco County, Florida (Florida Highway Patrol - See Reporting Agency Case Number: FHPC12OFF050449; Reporting Agency CAD Number: TBRC12CAD066562) (See Florida criminal traffic case number: 512012CT7220WIK000WS) (See Florida traffic case numbers: 127219WIK and 127221WIK), with the overlay that the wrongdoer was driving  a vehicle with NO FLORIDA VEHICLE LICENSE FOR DRIVING IN THE STATE OF FLORIDA, AND IN THE VARIOUS STATES, AND THE UNITED STATES, AND NO VEHICLE INSURANCE. See Exhibit "9" attached hereto and by reference incorporated herein.

On June 23, 2012, a motor vehicle that was operated by the wrongdoer was involved in an accident with a motor vehicle driven by Plaintiff Roy A. Day, on U.S. 19 at the intersection of Embassy Boulevard (Port Richey, Florida), specifically, while Plaintiff was stopped for a red light in Port Richey, Florida, at the intersection of U.S. 19 and Embassy Boulevard (Port Richey, Florida) (an EXTREMELY BUSY INTERSECTION WITH SIX LANES OF TRAFFIC) facing in a North direction on U.S. 19, the wrongdoer (A DRUG ADDICT, ALCOHOLIC, TRASH AND GARBAGE OF SOCIETY, ETC.),  traveling at a high rate of speed, at or about fifty-five miles per hour, rear-ended Plaintiff's "stopped" vehicle (the wrongdoer had NO FLORIDA VEHICLE LICENSE FOR DRIVING IN THE STATE OF FLORIDA, AND IN THE VARIOUS STATES, AND THE UNITED STATES, AND NO VEHICLE INSURANCE). Further, on June 23, 2012, the wrongdoer was scheming with her

co-conspirators, and/or agents, and/or servants, to defraud insurance carriers with the attempt to cause a "multi-vehicle accident" at a major intersection on U.S. 19, with six lanes of traffic, by willfully, intentionally, wantonly, and maliciously crossing six lanes of high volume traffic on U.S. 19 (see Florida – Pasco County – traffic criminal court file in case number  – see pleadings filed by Plaintiff in the criminal court file on the facts for the "vehicle-insurance-scheming-conduct" of  the wrongdoer) (crossing six lanes of traffic on U.S. 19, the wrongdoer was attempting a "hit-and-run" to leave the accident scene, but the wrongdoer's vehicle stop running). For judicial economy, Plaintiff repeats and realleges each and all pleadings filed by Plaintiff in the aforesaid Florida – Pasco County - criminal traffic court case (512012CT7220WIK000WS), as if the aforesaid pleadings were expressly stated herein) (the wrongdoer was attempting a "hit-and-run," but the wrongdoer's vehicle was damaged and would not fully operate to consummate the "hit-and-run").

The wrongdoer  negligently operated or carelessly maintained said motor vehicle so that it collided with the motor vehicle in which Plaintiff Roy A. Day was driving, with the overlay that the wrongdoer was driving a vehicle with NO FLORIDA VEHICLE LICENSE FOR DRIVING IN THE STATE OF FLORIDA, AND IN THE VARIOUS STATES, AND THE UNITED STATES, AND NO VEHICLE INSURANCE. Defendant "21st CCIC" totaled Plaintiff's vehicle, but Plaintiff contested the amount and the facts in the insurance report. Defendant "21st CCIC" would not converse with Plaintiff (voice, fax, email, text) pertaining to the totaled vehicle, so based on the "contractual relationship" between Plaintiff and Defendant "21st CCIC," as associated with the insurance policy Plaintiff was paying-on, Plaintiff wrote  "contractual-legal-language" letters to the  "CEO" Anthony J. DeSantis, and Williams Loucks (COO – Chief Operating Officer), for Defendant "21st CCIC," as referenced to that specific date and time. Anthony J. DeSantis, and Williams Loucks, refused and continued to refuse to answer the "contractual-legal-language" letters (the aforesaid individuals had a legal obligation to answer the aforesaid letters, or suffer the legal consequences of their actions). Plaintiff filed a Complaint against Anthony J. DeSantis, and Williams Loucks, but the BILLION DOLLAR Corporation had a law firm files pleadings that did NOT answer the facts and issues pertaining to the vehicle accident, but filed pleadings to DENY Plaintiff meaningful access to the court with proper venue and subject matter jurisdiction by paying cash under the table to the judge (cash in various forms to conceal the illegal conduct) to transfer the Complaint to another venue (**VENUE AND SUBJECT MATTER JURISDICTION WERE PROPER – THE JUDGE DENIED THE LAW PERTAINING TO PLAINTIFF**) to have the Judges in the new venue dismiss Plaintiff's complaint **without entertaining or reaching the damages issue for the vehicle crash** (the court,

as co-conspirator with the BILLION DOLLAR CORPORATION -  attorneys of record - used a fraudulent sanctions issue to illegally dismiss the Complaint) (**obstruction of justice and tampering with evidence is the norm for the aforesaid judges – the orders issued were not judicial acts, but were entered pursuant to "prior agreement" and "personal motivation"**).   PLAINTIFF HAS BEEN **PAID ZERO DOLLARS AND ZERO CENTS ($0.00) FOR A VEHICLE CRASH THAT OCCURRED EIGHT YEARS AGO** (2920 DAYS), WITH THE OVERLAY THAT PLAINTIFF PAID SIX YEARS ON THE VEHICLE INSURANCE POLICY, AND THE DAMAGES WERE DUE AND PAYABLE. To add INSULT TO INJURY, when Plaintiff contacted Defendant "21st CCIC" to pick-up Plaintiff's totaled vehicle, Defendant "21st CCIC" would not converse with Plaintiff (one of Defendant "21st CCIC" employees stated that the employee would contact corporate and let plaintiff know – the employee never contacted Plaintiff). Plaintiff made numerus attempts to have Plaintiff vehicle picked-up, but Defendant "21st CCIC" refused and continued to refuse to pick-up Plaintiff's vehicle. Subsequently, Plaintiff's vehicle was "repossessed" by the Financial Institution, and Plaintiff's **CREDIT RATING DESTROYED**! PLAINTIFF HAS BEEN PAID ZERO DOLLAR AND ZERO CENTS ($0.00) FOR THE TOTALED VEHICLE!!!!!!!!!!!! Plaintiff seeks Five Billion Dollars in punitive damages to place Defendant "21st CCIC" out-of-business for destroying Plaintiff's credit rating (the ladies and gentlemen of the jury have full and complete province of this issue and fact).

**END FACTS FOR "21ST CCIC" VEHICLE ACCIDENT**  (VEHICLE ACCIDENT TWO)

**There is no res judicata in the instant case (See Exhibit "10" attached hereto and by reference incorporated herein** – No Res Judicata as reflected on the evidence documented by the "Department of Justice," and Defendant William P. Barr, and Defendant Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice. The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice!!!!!!!!!!!!

**There is no res judicata in the instant case (See Exhibit "11" attached hereto and by reference incorporated herein** – No Res Judicata as reflected on the evidence documented by the "Department of Justice," and Defendant William P. Barr, and Defendant Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice.  The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice!!!!!!!!!!!!

**There is no res judicata in the instant case (See Exhibit "12" attached hereto and by reference incorporated herein** – No Res Judicata as reflected on the evidence documented by the "Department of Justice," and Defendant William P. Barr, and Defendant Donald J. Trump, on the Federal Criminal Complaints filed by Plaintiff on obstruction of justice and tampering with evidence, inter alia, as associated with a two-tier system of justice. The ladies and gentlemen of the jury will see documents and evidence on the two-tier system of justice presented by Mr. Barr and the Department of Justice!!!!!!!!!!!!

**18.** No adequate remedy exists at law for redress of those deprivations, which continue to occur and will occur in the future, unless the Defendants' course of conduct is declared by this court as being void, null and illegal, in the year A.D. 2020.

**19.** Plaintiff, and the Class, have been subjected to "cunning, misleading, and deceptive" (fraud – Intrinsic and Extrinsic) conduct, resulting in the denial of due process and equal protection of the law by Defendants co-conspirators, agents, and servants, with the overlay Plaintiff, and the Class, have been subjected to artificially high, non-competitive prices, for vehicle insurance, that are unconscionable, unreasonable and unfair," and violate the State of Florida Anti-Trust Laws.

**20.** That by virtue of the willful, intentional, wanton, reckless, malicious, fraudulent (intrinsic and extrinsic) conduct of Defendant "GEICO" aforesaid, and as a proximate result thereof, Plaintiff, and the Class, have been damaged in the SUM CERTAIN of (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less); that by virtue of the willful, intentional, wanton, reckless, malicious, fraudulent (intrinsic and extrinsic) conduct of Defendant "21st CCIC" aforesaid, and as a proximate result thereof, Plaintiff has been damaged in the SUM CERTAIN of (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less);

**21.** As a further proximate result of Defendant "GEICO" fraudulent conduct throughout the occurrences described above in paragraphs "6" through "12" (FACTS for "GEICO") and as a direct and proximate result of Defendants' willful, intentional, wanton, reckless and malicious actions, individually and in concert, Plaintiff, and the Class, have suffered great mental pain and suffering

with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the SUM of  (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less), and will continue to suffer. As a further proximate result of Defendant "21st CCIC's" fraudulent conduct throughout the occurrences described above in paragraphs "6" through "12" (FACTS for "21st CCIC") and as a direct and proximate result of Defendants' willful, intentional, wanton, reckless and malicious actions, individually and in concert, Plaintiff, and the Class, have suffered great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the SUM of (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less), and will continue to suffer.

**22.** That said fraudulent conduct was done to conceal and cover-up Defendants' course of illegal conduct against Plaintiff, and The Class. The wrong done by Defendants, individually and concert, was aggravated by that kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff shows that an award of substantial exemplary damages would serve not only to deter Defendants, and Defendants' agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates,  from engaging in the aforesaid course of illegal conduct, but it would also serve as a warning or deterrent to others similarly situated. Accordingly, Plaintiff sues for exemplary damages in the SUM of (to be determined by the ladies and gentlemen of the jury) against Defendant "GEICO"  (Plaintiff will ask the ladies and gentlemen of the jury for (to be determined by the ladies and gentlemen of the jury)  against Defendant "GEICO"). That said fraudulent conduct was done to conceal and cover-up Defendants' course of illegal conduct against Plaintiff. The wrong done by Defendants, individually and concert, was aggravated by that kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff shows that an award of substantial exemplary damages would serve not only to deter Defendants, and Defendants' agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates,  from engaging in the aforesaid course of illegal conduct, but it would also serve as a warning or deterrent to others similarly situated. Accordingly, Plaintiff sues for exemplary damages in the SUM of (to be determined by the ladies and gentlemen of the

jury) against Defendant "21st CCIC"   (to be determined by the ladies and gentlemen of the jury) against Defendant "21st CCIC" to ensure Defendant "21st CCIC" is placed out-of-business).

**23.**  Due to the aforesaid facts, supra, no other adequate remedy exists at law for redress of the course of illegal conduct by Defendants against Plaintiff, and others similarly situated (The Class), which continue to occur and will occur in the future, unless this court permits Plaintiff, and those similarly situated (The Class), to have immediate "ACCESS" to this Court, to obtain relief from Defendant, to cease and desist Defendant's "PREMEDITATED AND PREARRANGED" "CUNNING, DECEPTIVE AND MISLEADING PROCEDURES."

**24.**  Plaintiff is entitled to a declaratory judgment declaring the acts of Defendants "cunning, misleading, deceptive" (fraud of the first order) conduct to deny Plaintiff collateral damages, and damages related to a vehicle crash that occurred over 2,920 days ago, and refused to converse with Plaintiff, and refused to pick-up the totaled vehicle.

**25.**  In addition this is an action for declaratory judgment to ensure Defendants Donald J. Trump – "DJT," and William P. Barr - "WPB," are properly before the court, and to testify with evidence from the Department of Justice for the ladies and gentlemen of the jury on the Criminal FEDERAL Complaints (see Exhibit "14" attached hereto and by reference incorporated herein) filed by Plaintiff pursuant to a two-tier system of justice that denied Plaintiff's collateral damages, and the damages on a totaled vehicle that was damaged over 2,920 days ago by a drug addict with no driver's license and no insurance, with Defendant "GEICO," and Defendant "21st CCIC," conspiring with agents, servants, and co-conspirators to deny the law, facts, and evidence existed when pertaining to Plaintiff, and to obstruct justice and tamper with evidence, including but not limited to, the Maine Appellate Rules of Procedure (Rule 7) were NON-Existent for Plaintiff, and the Federal Rules of Civil Procedure, and Federal Venue Statutes, were non-existent for Plaintiff, specifically, THE LAW DID NOT OPERATE ON ALL ALIKE!

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands that the following relief be granted:

<u>a.</u>  Declare that Defendants have engaged in fraud of the first order, using "cunning, mislead, and deceptive" conduct, with the overlay that Defendants GEICO, and "21st CCIC," , as **<u>PRINCIPAL CO-CONSPIRATORS</u>** WITH GOVERNMENT EMPLOYEES,  have conspired with agents, servants, and co-conspirators to have the agents, servants, and co-conspirators orchestrate a campaign against Plaintiff to violate Plaintiff's, and the Class, Constitutional Rights of due process and equal protection of the law with the **<u>LAW NOT ACTING ALL ALIKE</u>**; declare that Defendants, and Defendants' agents, servants, and co-conspirators, have  violated the of the various States' Anti-Trust Laws, including but not limited to, the State of Florida, insofar as Defendants' course of conduct has denied Plaintiff, and others similarly situated (The Class), the right to obtain a fair, reasonable, equitable and competitive price in the year A.D. 2022 for vehicle insurance that is NOT "artificially high,"  as associated with a "non-competitive vehicle insurance policy, that is unconscionable, unreasonable and unfair price;" Declare that Donald J. Trump, and William P. Barr, are "indisputable" "parties" and "witnesses" for the associated Federal Criminal Complaint filed with the United States Department of Justice (see Exhibit "14" attached).

<u>b.</u>  Granting Plaintiff judgment against Defendants for compensatory damages in the amount of (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less); against Defendant "GEICO" (as a PRINCIPAL CO-CONSPIRATOR' with "government employees"), and  (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less) against Defendant "21st CCIC," with interest at the lawful rate until paid; that Plaintiff have and recover on that judgment at the rate of twenty percent (20%) per annum until paid.

<u>c.</u>  Granting Plaintiff judgment against Defendants pursuant to mental pain and suffering damages, in the SUM of (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less),  against Defendant "GEICO," and (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less),  against Defendant "21st CCIC," with interest at the lawful

rate until judgment; that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

<u>d.</u>    Granting Plaintiff judgment against Defendant for exemplary damages in the amount of  (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less), against Defendant "GEICO," and (to be determined by the ladies and gentlemen of the jury – ONLY – nothing more, or less), against Defendant "21st CCIC";  that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

<u>e.</u> Declare the aforesaid damages are less than the Federal Requirement of $75,000.00, and there is NO FEDERAL ISSUES, and there are citizens of the same State, with the Florida Courts have proper venue, and subject matter jurisdiction.

<u>f.</u> Awarding Plaintiff cost and reasonable attorneys' fees ("litigating fees"), and in the event of appeal to the State Appellate Court, and the Florida Supreme Court, and the United States District Court, and the United States Court of Appeals, and the Supreme Court of the United States, Plaintiff have and recover additional attorneys' fees ("litigating fees") and reasonable cost and expense of that action.

<u>g.</u> Declare that Defendants "DJT," and "WPB," are properly before the court to testify with evidence from the Department of Justice on Plaintiff's behalf pertaining to the FEDERAL CRIMINAL COMPLAINTS (see Exhibit "14") filed by Plaintiff with the Department of Justice on the two-tier system of justice that has denied Plaintiff collateral damages, and damages for a vehicle crash over 2,920 days ago; declare that the grand jury members on the Federal Complaints for a two-tier system of justice will testify on behalf of Plaintiff..

<u>h.</u>    Granting Plaintiff such other and further relief as may be just.

REQUEST FOR A TRIAL BY JURY

      Plaintiff Roy A. Day in the above-entitled and numbered matter demands a trial by jury of all issues so triable in said matter on the grounds that it is entitled to such trial by virtue of having complied with all requisites of the Florida Rules of Civil Procedure (proper venue is the Florida Courts), and there exists in this case an adequate and complete remedy at law.

Respectfully submitted,

/s/  Roy A. Day

Roy A. Day
P.O. Box 33
Tarpon Springs, Florida
USA          34688-0033

BY:    /s/ Roy A. Day    (I.D. NO. ???-??-2452)

     ROY A. DAY
     P.O. BOX 33
     TARPON SPRINGS, FLORIDA
     USA          34688-0033
     TELEPHONE: 727-6428636
     EMAIL: royaday@hotmail.com
     Citizen-Attorney for Plaintiff Roy A. Day

     NOTE: Denied the right to file using Florida Courts E-Filing Portal. Filed using the Tampa
         Federal Clerk's Office portal to file pleadings.

CONTACT INFORMATION:

ROY A. DAY
P.O. BOX 33
TARPON SPRINGS, FLORIDA
USA                34688-0033
-------------------------------------------------------------------------------------------------
VOICE: (PRIMARY: 727-6428636)
-------------------------------------------------------------------------------------------------
FAX, and VOICE: 206-4951708
-------------------------------------------------------------------------------------------------
MOBILE DEVICE– TEXT MESSAGE (NO EMAIL TEXT MESSAGE): 727-6428636
---------------------------------------------------------------------------------------------------

EMAIL ADDRESS and MOBILE Pocket PC address:    royaday@hotmail.com
-------------------------------------------------------------------------------------------------


**INDEX**:

EXHIBIT "1" – Crash Report 85318748 – "GEICO"


EXHIBIT "2" – Reporting Agency Report No. FHPC16OFF044620 – GEICO"


EXHIBIT "3" – GOOGLE "YOU TUBE" – 8 Videos, 1 Slideshow – "GEICO"

EXHIBIT "4" – GOOGLE "YOU TUBE" – Video – Roy A. Day – "GEICO"

EXHIBIT "5" – GOOGLE – "YOU TUBE" "Animation"  - "GEICO"

EXHIBIT "6" – GOOGLE – "Photos" – "GEICO"

EXHIBIT "7" – 2 letters to Director Rhodes – GEICO"

EXHIBIT "8" – 2 letters to Lt. Glenny – GEICO"

EXHIBIT "9"  —  FHP Crash Report "21st CCIC"

EXHIBIT "10"  —  Case Law for Res Judicata NOT Applicable for the instant case

EXHIBIT "11"  —  Case Law for Rule 7 Maine Rules of Appellate Procedure – Etc.

EXHIBIT "12"  —  Case Law – prior agreement – personal motivation – NOT judicial act

EXHIBIT "13"  — Crash Payout to wrongdoers

EXHIBIT "14"  - FEDERAL CRIMINAL REPORT FILED WITH FBI – TRUMP AND BARR

**CAVEAT**: FOR THE PURPOSE OF THE INSTANT COMPLAINT, WHEN THE DEFENDANT "GEICO," AND DEFENDANT "21ST CCIC," ARE REFERENCED IN THE INSTANT COMPLAINT, IT REFERS, RELATES, PERTAINS, AND MENTIONS "AGENTS, AND SERVANTS, AND CO-CONSPIRATORS, AND EMPLOYEES." N.B. – NOTA BENE: FOR THE LADIES AND GENTLEMEN OF THE JURY: YOU WILL BE ABLE TO DETERMINE THE AMOUNT OF DAMAGES -  THE FLORIDA COURTS HAVE PROPER VENUE – THERE IS NO FEDERAL ISSUE.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROY A. DAY,
ON BEHALF OF HIMSELF AND
AS CLASS ACTION ON BEHALF
OF OTHERS SIMILARLY SITUATED,
        Plaintiffs

VS.                                                         C.A.  8:22-CV-58-KKM-SPF

GEICO GENERAL INSURANCE COMPANY,
21st CENTURY CENTENNIAL INSURANCE  COMPANY,
        Defendants


STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

        BEFORE ME, the undersigned authority, on this day personally appeared Roy A. Day, who being by me duly sworn on his oath deposed and said that he is the Plaintiff in the above-entitled action, that he has read Plaintiff's Complaint and that every statement therein is within his personal knowledge true and correct.

/s/ Roy A. Day
_____

Roy A. Day

        I declare under penalty of perjury that the foregoing Complaint is true and correct, and I understand that a false statement in this declaration will subject me to penalties for perjury. NOTE: This declaration complies with the State of Florida Statutes for Perjury, and 28 USC 1746, in lieu of an affidavit - Plaintiff is a pauper and cannot afford to pay another notary public to sign this form. Plaintiff is appearing as a citizen-attorney, and such a course has the same weight of evidence as an affidavit.

Executed this 11th day of April , 2022.

/s/ Roy A. Day
_____

Roy A. Day

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that  on April 11, 2022, I did NOT electronically file the foregoing with the Clerk of the Court using the electronic filing system (ECF/CM), which would have sent notification of such filing to Mr. James N. Shaw, Jr., who is registered on the electronic system (PACER), at the following e-mail address: jshaw@butler.legal. In lieu of: I hereby certify that a true and correct copy of the above and foregoing pleading has been forwarded to Mr. James M. Shaw, Jr., 400 North Ashley Drive, Suite 2300, Tampa, Florida 33602, on this 11th day of April, 2022, via first class mail.

/s/ Roy A. Day
_____

Roy A. Day